108 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Danny BOYD, Petitioner-Appellant,
v.
S. Frank THOMPSON, Respondent-Appellee.
 No. 95-35900.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 18, 1997.*
Decided Feb. 20, 1997.
 
 Before: ALARCN, CANBY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Danny Boyd, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Boyd contends: (1) he was denied his right to representation by counsel and did not knowingly, intelligently, and voluntarily waive that right; (2) he was denied a speedy trial; (3) the state trial judge erroneously entered videotape evidence; (4) the state trial judge was biased and should have recused himself from the trial; (5) he was denied transcript and audio records from his state criminal proceeding; (6) he was selectively prosecuted; and (7) the district court erred by denying his petition without granting an evidentiary hearing.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of Boyd's petition, applying the clearly erroneous standard "[t]o the extent it is necessary to review findings of fact." Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993). We reverse and remand for an evidentiary hearing regarding whether Boyd knowingly waived his right to counsel. We affirm the district court's judgment regarding Boyd's remaining contentions.
 
 
 3
 * Right to Counsel
 
 
 4
 Boyd contends that the state trial court forced him to represent himself by failing to inform him that he was entitled to substitute counsel.
 
 
 5
 The Sixth Amendment guarantees a criminal defendant's right to the assistance of counsel at trial. Faretta v. California, 422 U.S. 806, 807 (1975). A defendant's waiver of his right to be represented by counsel must be knowing and intelligent. Snook v. Wood, 89 F.3d 605, 613 (9th Cir.1996); Hendricks, 993 F.2d at 669. "For a waiver to be made knowingly and intelligently, [a defendant] must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation," and the court must specifically discuss these three elements with the defendant. Hendricks, 993 F.2d at 670. We have recognized an exception to the requirement of such a discussion when the facts and circumstances of the particular case, including the defendant's background, conduct and experience, indicate that a waiver was knowing and intelligent. Id. However, we have only applied this exception in the "unusual fact situation in which the background and experience of the defendant in legal matters [is] apparent from the record." United States v. Keen, No. 95-10183, slip op. 1, 14 (9th Cir. Jan. 2, 1997) (as amended); see also United States v. Balough, 820 F.2d 1485, 1488 (9th Cir.1987).
 
 
 6
 Here, the state trial court did not discuss the three elements with Boyd, and it is unclear from the record whether Boyd was somehow otherwise informed of these three elements. Additionally, while the record indicates that Boyd did have some familiarity with legal matters, it is not apparent from the facts that are present in the record that this familiarity was sufficient to render his waiver knowing and intelligent in the absence of admonitions by the state trial court. Cf. Keen, No. 95-10183, slip op. at 14-16; Balough, 820 F.2d at 1489.
 
 
 7
 Accordingly, because Boyd has alleged facts that, if proven, would entitle him to relief, we remand for the district court to conduct an evidentiary hearing regarding whether Boyd sufficiently understood the dangers and disadvantages of self-representation such that his waiver was knowing and intelligent. See Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991); Balough, 820 F.2d at 1489.
 
 II
 Right to a Speedy Trial
 
 8
 Boyd contends his right to a speedy trial was violated by the state's failure to arraign him within 36 hours and its failure to bring him to trial within 90 days of his request for expedited proceedings.
 
 
 9
 Only "unreasonable" delay will trigger the examination of whether a defendant's right to a speedy trial was violated. See Doggett v. United States, 505 U.S. 647, 651-52, 652 n. 1 (1992); see also Barker v. Wingo, 407 U.S. 514, 530 (1972). Under Oregon law, after the prosecutor receives from the defendant a notice requesting an expedited trial, the prosecutor must bring the defendant to trial within 90 days of receipt of the notice. Or.Rev.Stat. § 135.763(1) (1995).
 
 
 10
 Here, the state court found that Boyd was tried within 90 days of the filing of his request to expedite his trial proceedings. According this finding the presumption of correctness to which it is entitled, see Hendricks, 993 F.2d at 668, Boyd has not shown that there was unreasonable delay--or, for that matter, any delay--in bringing him to trial. See Doggett, 505 U.S. at 651-52. Because there was no delay in bringing Boyd to trial, it is not necessary for us to further inquire into whether Boyd was denied his right to a speedy trial. See id.; Barker, 407 U.S. at 530.
 
 III
 Admission of Evidence
 
 11
 Boyd contends that the state trial court's entering a video tape of the offense into evidence was prejudicial and influenced the jury to render a guilty verdict.
 
 
 12
 On federal habeas review, a court may only consider whether a defendant's conviction violated the Constitution, laws, or treaties of the United States. See Estelle v. McGuire, 502 U.S. 62, 68 (1991); see also Jammal v. Van De Kamp, 926 F.2d 918, 919 (9th Cir.1991) (stating that federal habeas court does not review questions of state evidence law). Therefore, a state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders state proceedings so fundamentally unfair as to violate due process. See Jammal, 926 F.2d at 919-20. Because Boyd has not made such a showing, he is not entitled to federal habeas relief on this claim. See Estelle, 502 U.S. at 68; Jammal, 926 F.2d at 919-20.
 
 IV
 Judicial Bias
 
 13
 Boyd contends that the state trial judge was biased and therefore should have recused himself from Boyd's trial.
 
 
 14
 The entire conduct of a trial may be affected "by the presence on the bench of a judge who is not impartial." Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991). Without any support in the record, we cannot reach the conclusion that a judge was biased. See Poland v. Stewart, No. 95-99022, slip op. 16473, 16491-92 (9th Cir. Dec. 31, 1996) (as amended).
 
 
 15
 Here, the record does not show that the state trial judge was biased against Boyd. See id. While the judge may have made rulings unfavorable to Boyd, this is not a basis for concluding that the judge was not impartial. See Liteky v. United States, 510 U.S. 540, 551 (1994) (stating that judicial rulings alone almost never constitute valid basis for finding bias). Because there is no basis for concluding that the trial judge was biased against Boyd, Boyd's contention in this regard fails. See Poland, No. 95-99022, slip op. at 16491-92.
 
 V
 
 16
 Provision of Transcripts and Audio Recordings
 
 
 17
 Boyd contends that his right to due process was violated and his access to the courts hindered by the state's failure to provide him with transcripts of the audio recordings of his state proceedings.
 
 
 18
 Here, the state court found that Boyd did not request his transcripts in his notice of appeal, as he was required to do. This finding is entitled to a presumption of correctness. See Hendricks, 993 F.2d at 668. Because Boyd did not seek the production of his transcripts, his contention that the State violated his right to due process by failing to provide him with the transcripts is without merit. Accordingly, he is not entitled to federal habeas relief on this claim. See Estelle, 502 U.S. at 68.
 
 VI
 Discriminatory Prosecution
 
 19
 Boyd contends that he was prosecuted based on: his race; his status as a prisoner; and his filing of a class action suit on behalf of all Oregon State Penitentiary prisoners.
 
 
 20
 In order to support a claim of selective or discriminatory prosecution, there must be a showing that the defendant's prosecution was made on the basis of an impermissible ground such as race, religion or the exercise of free speech, and that others similarly situated were not prosecuted for similar conduct. See United States v. McWilliams, 730 F.2d 1218, 1221 (9th Cir.1984) (per curiam); United States v. Ness, 652 F.2d 890, 892 (9th Cir.1981).
 
 
 21
 Here, Boyd has merely made bald assertions that he was prosecuted on grounds other than his criminal conduct. He has not shown that he was prosecuted selectively or on the basis of an impermissible factor. Cf. McWilliams, 730 F.2d at 1221; Ness, 652 F.2d at 890. Moreover, the record shows that Boyd's prosecution for assaulting a prison guard was supported by a videotape of him committing the offense. Absent anything more, we assume that Boyd was prosecuted for his actions rather than for the reasons he asserts.
 
 
 22
 AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Boyd's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Boyd also raises several issues in his reply brief that he did not raise in his opening brief; we will not address these improperly raised contentions. See Officers for Justice. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992)