110 F.3d 39
 97 Cal. Daily Op. Serv. 2090, 97 Cal. Daily
Op. Serv. 2857,
97 Daily Journal D.A.R. 3853,
97 Daily Journal D.A.R. 5027
David F. SIMMONS, Petitioner-Appellant,
v.
James BLODGETT, Superintendent, Respondent-Appellee.
 No. 96-35095.
 United States Court of Appeals,Ninth Circuit.
 Argued and Submitted Feb. 4, 1997.
Decided March 24, 1997.
As Amended April 18, 1997.
 
 Jonathan S. Solovy, Bell, Flegenheimer, Leong & Solovy, Seattle, WA, for petitioner-appellant.
 Thomas J. Young, Assistant Attorney General, Olympia, WA, for respondent-appellee.
 Appeal from the United States District Court for the Western District of Washington, Thomas S. Zilly, District Judge, Presiding. D.C. No. CV-90-01751-TSZ.
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 RYMER, Circuit Judge:
 
 
 1
 David Simmons again appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction on two counts of first degree aggravated murder, and one count of conspiracy to commit murder, on the ground that juror misconduct violated his Sixth Amendment right to a fair trial. The district court held that it was bound by the state court's finding that the juror read one newspaper article that she shouldn't have read; but as that article contained only background and biographical information about the attorneys involved in the case, the district court concluded that the verdict could not have been affected.
 
 
 2
 On Simmons's first appeal, we remanded to let him augment the record with new evidence that the juror had read more than the one article. The district court in turn stayed proceedings to allow the state court to take another look. After an evidentiary hearing, the original trial judge found that Simmons did not carry his burden of showing additional misconduct. Although Simmons appealed that ruling to the Washington Court of Appeals and the appeal is still pending, he asked the district court to lift its stay and resolve his petition. It did, adversely, in a published opinion, Simmons v. Blodgett, 910 F.Supp. 1519 (W.D.Wash.1996). For the reasons stated by the district court, we agree that the state court findings are entitled to a presumption of correctness and that Simmons failed to prove that the juror misconduct which did occur requires habeas relief.
 
 
 3
 However, Simmons's appeal raises two other issues that are unusual: first, whether we should hear this appeal in the first place, since appellate proceedings in the State of Washington are on-going; and, second, whether O'Neal v. McAninch, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995), where the Supreme Court held that a constitutional error cannot be harmless if the judge is in "virtual equipoise" as to its harmlessness, applies if the judge is in equipoise about whether an error occurred as a matter of fact. Since the State does not complain that comity requires us to refrain, we shall proceed with the appeal; and we hold that O'Neal does not change the rule that the party with the burden of proof loses when the scales are evenly balanced on the factual question of whether a constitutional error occurred. Accordingly, we affirm.
 
 
 4
 * The district court wrestled with whether it should consider Simmons's habeas petition prior to full exhaustion of his state appeals,[1] and decided that it should in light of the fact that Simmons had been imprisoned for over 11 years, his constitutional claim hinges on the testimony and credibility of one aging witness whose competence is continually worsening, and it would still be some time before his state court appeal is finally resolved.[2] We do not comment one way or the other on the district court's ruling, since the State has not cross-appealed the order lifting the stay.
 
 
 5
 While we might otherwise be concerned that it is contrary to the interests of comity for a federal court to act on habeas review while an appeal is pending in the state court system, in this case the State has not raised the point. We take this as a concession that the State's interests will not be offended by our going forward. Simmons, who initiated the request to lift the stay, obviously wants closure on the federal side.
 
 
 6
 Given the fact that failure to exhaust is not an absolute bar to appellate consideration of habeas claims, Granberry v. Greer, 481 U.S. 129, 131, 107 S.Ct. 1671, 1674, 95 L.Ed.2d 119 (1987), we do not lack power to proceed. Because exhaustion is not jurisdictional, we have no sua sponte obligation to pursue the problem further. We therefore turn to the only novel issue that Simmons raises on appeal.
 
 II
 
 7
 Simmons contends that under O'Neal v. McAninch, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995), habeas relief is required because in the evidentiary hearing, the trial judge was in equipoise as to whether the juror read more than one newspaper article. This stems from the fact that the trial judge resolved the claim of additional juror misconduct against Simmons because Simmons had failed to carry his burden of proof. The court had found (just after the verdict was returned in 1984) that the juror read only one article; counsel whom we appointed interviewed the juror in 1993 and produced evidence that she had read and saved many more articles about the trial. Following our remand and the district court's stay, the state court held an evidentiary hearing (in 1994) during which it heard testimony from the juror as well as experts on her mental condition. It found that it could not find by a preponderance of the evidence that the juror did, or did not, read additional articles during the trial (other than the one to which she had previously admitted), and concluded that since Simmons has the burden of proving that the juror did commit misconduct other than that to which she admitted in 1984, this left standing its previous determination that the juror had read one article having to do mainly with the background of the attorneys.
 
 
 8
 In O'Neal, the Court was concerned with how a federal habeas court should respond when it reviews a state-court judgment from a criminal trial, finds constitutional error, and is in grave doubt about whether or not that error is harmless. "Grave doubt" means that, "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error." 513 U.S. at ----, 115 S.Ct. at 994. In such "narrow circumstance[s]," the Court concluded, an error is not harmless and the petitioner must win. 513 U.S. 432, 115 S.Ct. at 995.
 
 
 9
 Simmons submits that he is likewise entitled to relief because the spirit and logic of O'Neal follows through to situations where the equipoise has to do with whether an error occurred in the first place. He reasons that under the Court's definition of "grave doubt," the state trial judge here was in "grave doubt" and "virtual equipoise" as to whether the juror read more than one article because the judge couldn't say that she did or that she didn't. When the trial judge is undecided about the occurrence of a prejudicial error, Simmons argues, the state must bear the risk of equipoise. Therefore, in his view, the district court went astray here because it failed to recognize that habeas relief must be granted in all cases of grave doubt, and because it improperly relied on case law establishing the preponderance of the evidence as the applicable burden of proof in all cases.
 
 
 10
 We disagree. As Justice Breyer, writing for the Court, made clear:
 
 
 11
 [W]e deliberately phrase the issue in this case in terms of a judge's grave doubt, instead of in terms of "burden of proof." The case before us does not involve a judge who shifts a "burden" to help control the presentation of evidence at a trial, but rather involves judges who apply a legal standard (harmlessness) to a record that the presentation of evidence is no longer likely to affect.
 
 
 12
 Id. at ---- - ----, 115 S.Ct. at 994-95. Finding facts to determine if there is a constitutional error is a wholly different thing from deciding whether or not an error, once found, affected the verdict. Well-settled principles guide the fact-finding process, including the rule that when the scales are evenly balanced and the relevant evidence leaves a trier of fact in "equipoise," the party with the burden of proof loses. See, e.g., Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 373 (9th Cir.1996). Nothing in O'Neal suggests that the Court intended to turn the tables on how evidentiary disputes are resolved; indeed, it limited its rule to the "narrow circumstance" where the record is so evenly balanced that a federal judge is in grave doubt as to the harmlessness of a state-court constitutional error. O'Neal, 513 U.S. at ----, 115 S.Ct. at 995; Bonin v. Calderon, 59 F.3d 815, 824 (9th Cir.1995) (O'Neal triggered only "[i]n the exceedingly rare case in which a court finds itself utterly unable to determine whether the error was harmless"), cert. denied, --- U.S. ----, 116 S.Ct. 718, 133 L.Ed.2d 671 (1996). We therefore decline Simmons's invitation to extend O'Neal to the question of whether constitutional error has in fact occurred.
 
 
 13
 As Simmons did not carry his burden of proving that constitutional error occurred, O'Neal is not implicated and his claim for habeas relief fails.[3]
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Simmons's pending appeal has to do only with the 1994 evidentiary hearing; his direct criminal appeals were exhausted before he filed his federal habeas petition
 
 
 [2]
 No one suggests, however, that Simmons's state court appeal is not progressing appropriately
 
 
 [3]
 Simmons also claims that the district court erred in denying him an evidentiary hearing, and leave to amend, but we agree with the district court on both issues