**Danny BOYD, Petitioner–Appellant,**

v.

**S. Frank THOMPSON, Superintendent of the Oregon State Penitentiary, Respondent–Appellee.**

No. 96–35655.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 1998.*

Decided June 29, 1998.

---

* The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34–4.

Danny Boyd, petitioner-appellant, in Pro Per.

Pilar C. French, Assistant Attorney General, Salem, Oregon, for respondent-appellee.

Before: HAWKINS, THOMAS and SILVERMAN, Circuit Judges.

MICHAEL DALY HAWKINS, Circuit Judge:

This appeal requires us to decide whether a district court may raise the issue of procedural default sua sponte, before the state custodian is served with, or files an answer to, a 28 U.S.C. § 2254 habeas corpus petition, when the default is obvious from the face of the petition.

## BACKGROUND

Danny Boyd, an Oregon state prisoner, filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1981 state conviction for carrying a weapon with intent to use.[1] In his petition,

---

1. Boyd is currently serving two concurrent 20-year sentences, with a 10-year mandatory minimum, for his 1982 convictions for manslaughter and first-degree assault. The denial of his habeas petition regarding the 1982 convictions was affirmed in a prior appeal. *See Boyd v. Thomp-* *son,* 108 F.3d 336, 1997 WL 75568 (9th Cir.1997) (unpublished disposition). The Magistrate Judge accepted as true Boyd's contention that the 5-year sentence for his 1981 conviction runs consecutively with the sentences for the 1982 convic-

Boyd admitted that he did not pursue an appeal with the Oregon Court of Appeals. Before the petition was served on Boyd's custodian, the Magistrate Judge issued an Order to Show Cause why the petition should not be dismissed for procedural default. Boyd responded that appeal to the Oregon Court of Appeals or Supreme Court would be "deficient and futile" because the State would not provide a copy of the trial transcript at state expense before Boyd filed a notice of appeal. The district court adopted the Magistrate Judge's recommendation to dismiss the petition on the basis of procedural default of available state remedies.

We vacated the dismissal, finding the district court lacked jurisdiction over the respondent Boyd had named in his petition (the "State of Oregon") and instructing the district court to dismiss for lack of jurisdiction unless Boyd timely amended his petition to name the correct party. *See Boyd v. State of Oregon*, 61 F.3d 909, 1995 WL 430168 (9th Cir.1995) (unpublished disposition). After Boyd timely amended his petition to name his custodian as respondent, the district court dismissed the petition for procedural default.

## DISCUSSION

### I.

 "The procedural default doctrine 'bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.'" *Calderon v. United States District Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)), *cert. denied*, —— U.S. ——, 117 S.Ct. 1569, 137 L.Ed.2d 714 (1997). The doctrine, a subcate-

gory of the "independent and adequate state ground" doctrine, is based upon equitable considerations of comity and federalism. *See Lambrix v. Singletary*, 520 U.S. 518, 117 S.Ct. 1517, 1522–23, 137 L.Ed.2d 771 (1997).

It is clear that Boyd procedurally defaulted on his available state remedies. He never filed a notice of appeal with the Oregon Court of Appeals. *See* Or.Rev.Stat. § 19.270(1)(b)(2), formerly 19.033(2)(b) (notice of appeal is jurisdictional and may not be waived or extended); § 138.650 (appellant must appeal to Court of Appeals within 30 days of entry of final judgment). A transcript of the proceeding is not needed before filing an appeal. *See* Or.Rev.Stat. § 19.250(1)(d), formerly § 19.029 (notice of appeal only requires a designation of the proceedings at issue). Instead, an indigent appellant like Boyd may receive a free transcript after filing a notice of appeal. *See* Or.Rev.Stat. § 138.500(3). In fact, the state post-conviction court notified Boyd by letter that it would not act on Boyd's request for a transcript until Boyd filed a motion demonstrating his eligibility for a free transcript.

 Procedural default is excused if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. Cause "must be something external to the petitioner, something that cannot fairly be attributed to him." *Id.* at 753, 111 S.Ct. 2546.

 Here, the cause of Boyd's procedural default is his insistence on having a transcript before filing a notice of appeal. Boyd's unfamiliarity with state appellate rules is no excuse: he rebuffed legal assistance three times and willingly proceeded in state court pro se.[2] "When a pro se petition-

---

tions. *See Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir.1990) (expired conviction cannot satisfy the "in custody" requirement).

2. Boyd appealed the 1981 and the 1982 convictions in state court. When he complained about his appointed appellate counsel, the Oregon Court of Appeals dismissed the appeals without prejudice. Boyd then sued in state court for post-conviction relief from the 1981 conviction. At the hearing, he again complained about his attorney. The state judge dismissed the attorney but warned Boyd he would have to proceed pro

se. When Boyd refused to testify at the hearing, the judge dismissed Boyd's petition with prejudice. Soon thereafter, Boyd sent the post-conviction judge a letter, stating that he intended to appeal the dismissal of his petition and requesting a free copy of the transcript. The judge issued an order appointing an attorney and waiving filing fees on appeal. *After Boyd sent the judge another letter, stating he did not want an attorney and demanding a copy of the transcript, the judge dismissed the attorney.*

er is able to apply for post-conviction relief to a state court, the petitioner must be held accountable for failure to timely pursue his remedy to the state supreme court." *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir.1986). Boyd cannot establish any reason, external to him, to excuse his procedural default. *See Thomas v. Lewis,* 945 F.2d 1119, 1123 n. 10 (9th Cir.1991) (lack of cause eliminates need to discuss actual prejudice).

▮ A "fundamental miscarriage of justice" occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Boyd has not argued, and has failed to present any evidence, that he is actually innocent of carrying a weapon with intent to use. The district court properly declined to apply this narrow exception to Boyd.

## II.

▮ Boyd next raises an issue of first impression in this circuit: whether a district court may raise procedural default sua sponte, before the state custodian is served with the petition or files an answer, when the default is obvious on the face of the petition.[3]

The Supreme Court recently decided that "[a] court of appeals is not 'required' to raise the issue of procedural default sua sponte." *Trest v. Cain,* —— U.S. ——, ——, 118 S.Ct. 478, 480, 139 L.Ed.2d 444 (1997). The Court explicitly left open the question "whether, or just when, a habeas court may consider a procedural default that the State at some point has waived, or failed to raise." *Id.* Our circuit precedent clearly holds that a habeas court is not required to raise procedural default or failure to exhaust available state remedies sua sponte when the State has waived the defenses. *See Simmons v. Blodgett,* 110 F.3d 39, 41 (9th Cir.1997) (exhaus-

tion), *cert. denied,* —— U.S. ——, 118 S.Ct. 232, 139 L.Ed.2d 164 (1997); *Brown v. Maass,* 11 F.3d 914, 914 (9th Cir.1993) (exhaustion); *Francis v. Rison,* 894 F.2d 353, 355 (9th Cir.1990) (procedural default); *Batchelor v. Cupp,* 693 F.2d 859, 864 (9th Cir.1982) (procedural default).

Those waiver cases, however, do not resolve the issue here. The district court issued the Order to Show Cause, considered Boyd's reply, and dismissed the petition all before the state custodian was served with the petition. The State was not required to appear before the district court and thus did not waive the defense of procedural default.[4]

▮ Generally, a habeas court may, in its discretion, reach the merits of a habeas claim or may insist on exhaustion of state remedies despite a State's waiver of the defense. *See Granberry v. Greer,* 481 U.S. 129, 134–35, 107 S.Ct. 1671, 95 L.Ed.2d 119 (1987). The court's discretion should be exercised to further the interests of comity, federalism, and judicial efficiency. *See id.; Paradis v. Arave,* 130 F.3d 385, 390 (9th Cir.1997) (court of appeals may consider exhaustion requirement waived "if the interests of comity, federalism, and justice would be served") (internal citation and quotation marks omitted); *Walters v. Maass,* 45 F.3d 1355, 1360 n. 6 (9th Cir.1995) (interests of comity and judicial efficiency better served by addressing merits of claim); *Batchelor,* 693 F.2d at 864 (court of appeals may decide merits if raising procedural default sua sponte is "more complicated and time consuming"). Applying these principles, we hold that a habeas court also should exercise its discretion to raise procedural default sua sponte if doing so furthers these interests.

Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions. Rule 4 of

---

3. That a Magistrate Judge, and not the District Judge, actually raised the issue of procedural default sua sponte makes no difference. *See* 28 U.S.C. § 636(b) (Magistrate Judge may submit proposed findings of fact and recommendations for disposition in habeas cases to district court for de novo review). Our following discussion of the power of the district court includes the acts of a Magistrate Judge.

4. The Antiterrorism and Effective Death Penalty Act ("AEDPA") does not apply to Boyd's petition, which was filed before the Act's effective date. *See Lindh v. Murphy,* —— U.S. ——, ——, 117 S.Ct. 2059, 2063, 138 L.Ed.2d 481 (1997). The AEDPA added 28 U.S.C. § 2254(b)(3): "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."

the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to dismiss summarily a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition ... that the petitioner is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." The notes detail various approaches available to the district court, which reflect Rule 4's design "to afford the judge flexibility."

We have interpreted Rule 4 to authorize a district court to "dismiss a habeas petition without resolving whether a petitioner has exhausted available state remedies when on the face of the petition it is obvious that the petition lacks merit." *Gutierrez v. Griggs,* 695 F.2d 1195, 1198 (9th Cir.1983). Requiring a district court to determine whether all the claims in a meritless petition have been exhausted "would be wasteful and inefficient" and "would place a correspondingly higher burden on state and federal judicial resources." *Id.*

These same considerations support a district court's dismissal of a habeas petition that on its face reveals a procedural default. Every circuit to consider the issue holds that a habeas court has discretion to raise procedural default sua sponte to further the interests of comity, federalism, and judicial efficiency. *See Smith v. Horn,* 120 F.3d 400, 408 (3d Cir.1997) (inappropriate to raise procedural default sua sponte where the record is well developed and the merits strongly support the petitioner's claim), *cert. denied,* —— U.S. ——, 118 S.Ct. 1037, 140 L.Ed.2d 103 (1998); *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1172, 140 L.Ed.2d 182 (1998); *Hatch v. Oklahoma,* 58 F.3d 1447, 1453 (10th Cir.1995); *Esslinger v. Davis,* 44 F.3d 1515, 1524 (11th Cir.1995); *Ortiz v. Dubois,* 19 F.3d 708, 715 (1st Cir.1994) ("Where .... the state procedural default is clear on the face of the record, it would be a needless expenditure of scarce judicial resources were we to address the merits of appellant's claim."); *Washington v. James,* 996 F.2d 1442, 1448 (2d Cir.1993) (inappropriate to raise procedural default sua sponte where comity and federalism are not implicated or are better served by reaching the merits, where state caused the procedural default, where alleged federal violation challenges the validity of the state trial itself, or where the alleged federal violation was motivated by malice); *Hardiman v. Reynolds,* 971 F.2d 500, 502–03 (10th Cir.1992) (procedural default doctrine transcends the concerns of the parties and affects federal, state, and societal interests); *Henderson v. Thieret,* 859 F.2d 492, 498 (7th Cir.1988) (district court may raise procedural default sua sponte but may not consider it where State implicitly waives the defense). Moreover, the reasoning of these cases, involving situations in which the State had waived or failed to raise procedural default, applies with even stronger force where, as here, the State has not waived the defense.

The district court's dismissal of Boyd's petition on the basis of procedural default furthered the equitable considerations of comity, federalism, and judicial efficiency. The procedural default was easily identifiable on the face of the petition. It would waste scarce judicial resources for the district court to cause the facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss. Therefore, we conclude that the district court properly exercised its discretion to raise the issue of procedural default sua sponte.

■ A district court's use of this summary dismissal power is not without limits. A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal. When dealing with a pro se petitioner, the court must make clear the procedural default at issue and the consequences for failing to respond. In this case, the Magistrate Judge issued an Order to Show Cause which clearly identified the procedural default and detailed the cause and actual prejudice standard, allowed Boyd an opportunity to respond, and made a thorough and well-reasoned report and recommendation to the district court.

AFFIRMED.[5]

---

**5.** We also reject Boyd's claims that the district court abused its discretion in failing to hold an evidentiary hearing and that the Magistrate Judge was biased and unfair.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a); Ninth Cir. R. 34–4.