Keith Timothy HAYNIE, Petitioner–
Appellant,

v.

State of WASHINGTON, Respondent–
Appellee.

No. 99–36161.

D.C. No. CV–99–00016–CI.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2001.*

Decided June 21, 2001.

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, HALL, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

We have a single issue before us, directed by the district court's certificate of appealability, raising the following question: whether the district court may sua sponte dismiss a 28 U.S.C. § 2254 petition as time-barred pursuant to 28 U.S.C. § 2244(d). The district court possessed jurisdiction under 28 U.S.C. §§ 2241(d), 2254, and our authority to hear this timely filed appeal is 28 U.S.C. § 2253. We review de novo, *Turk v. White*, 116 F.3d 1264, 1265 (9th Cir.1997), and affirm.

Haynie filed his federal habeas corpus petition 21 months late. A district court order directed Haynie to "show that his claims are not barred by the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1)," to "name the facility Superintendent as the proper party respondent," and to "state how he exhausted each claim in state court." Haynie's subsequently filed amended petition did not, however, cure the deficiencies. The district court then sua sponte dismissed the petition before any response was filed by the State. Haynie argues on appeal that this was

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir.R.36–3.

error, reasoning that the statute of limitations under the Antiterrorism and Effective Death Penalty Act (AEDPA) is not jurisdictional and that the State might have waived the limitations period.

We have stated:

Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes a district court to dismiss summarily a habeas petition, *before the respondent files an answer*, "[i]f it plainly appears from the face of the petition … that the petition is not entitled to relief." The notes to Rule 4 state: "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition."

*Boyd v. Thompson*, 147 F.3d 1124, 1127–28 (9th Cir.1998) (emphasis added) (alteration and omission in original). A habeas court has the "discretion to raise procedural default sua sponte to further the interests of comity, federalism, and judicial efficiency ." *Id.* at 1128. As in *Boyd*, "[i]t would waste scarce judicial resources for the district court to cause [Haynie's] facially defective petition to be served on the State and to entertain the State's ensuing motion to dismiss." *Id.*

█ We stated in *Boyd* that "this summary dismissal power is not without limits. A habeas court must give a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal." *Id.* In addition, we have held that "Federal Rule of Civil Procedure 15(a), which allows litigants to amend their pleadings once 'as a matter of course' before a responsive pleading has been filed, applies to habeas corpus actions." *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000). Here, the district court met these requirements: Haynie was allowed to amend his petition once, and when he did so he had before him a list of specific problems provided to him by the court. Even in his brief on appeal, Haynie still makes no effort to explain how he avoids AEDPA's statute of limitations other than to speculate that the State might have waived the limitations period in its response to the petition had the district court allowed Haynie's petition to go forward. This argument fails under *Boyd*.

AFFIRMED