Richard M. FORD, Petitioner–
Appellant,

v.

Attorney General of the State of
Arizona; Terry STEWART,
Respondents–Appellees.

No. 01–15766.

D.C. No. CV–94–01092–RCB.

United States Court of Appeals,
Ninth Circuit.

Dec. 17, 2001.*

Decided Dec. 28, 2001.

Before SCHROEDER, Chief Judge,
TROTT, and PAEZ, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Richard M. Ford
appeals pro se the district court's denial of
his 28 U.S.C. § 2254 habeas corpus peti-
tion. We have jurisdiction pursuant to 28
U.S.C. § 2253. We review de novo, *see*
*Ellis v. Armenakis,* 222 F.3d 627, 630 (9th
Cir.2000), and we affirm.

---

* This panel unanimously finds this case suit-
able for decision without oral argument. See
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

Ford contends the district court erred when it concluded that: (1) he had not exhausted his claim that his due process rights were violated because there was insufficient evidence to convict him; and (2) there was sufficient evidence to convict him of first-degree murder.

We agree with the district court that Ford's insufficiency of the evidence claim was unexhausted because he failed to alert the Arizona Supreme Court to the Constitutional basis of his claim. *See Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000) (stating that petitioner must "fairly present" the substance of his claim by citing federal law or the decisions of federal courts). Nonetheless, even if Ford failed to exhaust his claim, the claim may be denied on the merits. *See Clark v. Ricketts,* 958 F.2d 851, 857 (9th Cir.1991) (stating that the district court may consider the merits of an unexhausted but frivolous claim).

■ Ford's contention that there was insufficient evidence to convict him of first degree murder lacks merit. At trial, the evidence established, among other things, that Ford possessed on that evening a .38 caliber pistol, shot into the victim's car, kidnaped, brutally beat and strangled her before disposing of her body. Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Ford committed the murder with premeditation and deliberation. *See United States v. Herrera–Gonzalez,* 263 F.3d 1092, 1095 (2001).

Ford next contends that the district court erred by concluding that he had procedurally defaulted on the claim that his due process and equal protection rights were violated when the Arizona Supreme Court failed to conduct fundamental error review on direct appeal.

■ We agree with the district court that Ford did not properly exhaust his claim by raising it in a petition for special action in the Arizona Supreme Court, rather than a petition for post-conviction relief. *See Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (holding that raising a claim in procedural context in which the claim's merits would not be considered unless there were special and important reasons does not constitute fair presentation). Furthermore, Ford is barred under Arizona law from seeking or filing a third petition for post-conviction relief. See Ariz.R.Crim.P. 32.2(3) ("A petitioner will not be given relief under this rule based upon any ground knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding."); Ariz.R.Crim.P. 32.2(c) ("The court may infer from the petitioner's ... failure to raise any ground then available to him in a previous Rule 32 proceeding in which he was represented by counsel, that he knowingly, voluntarily and intentionally relinquished the right to do so.").

We further agree with the district court that Ford has not demonstrated cause and actual prejudice or a fundamental miscarriage of justice that would permit us to consider his claim on the merits. *See Boyd v. Thompson,* 147 F.3d 1124, 1126 (9th Cir.1998).

Accordingly, the district court properly denied Ford's § 2254 petition.

AFFIRMED.