Marcos **ALMAZAN**, Petitioner—Appellant,

v.

Craig **FARWELL**, Respondent—Appellee.

No. 04–15837.

D.C. No. CV–03–598–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted May 7, 2005.*

Decided May 13, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcos Almazan, LCC–Lovelack Correctional Center, Lovelock, NV, pro se.

John M. Warwick, AGNV–Office of the Nevada Attorney General, Carson City, NV, for Respondent–Appellee.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

## MEMORANDUM**

Marcos Almazan, a Nevada state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas corpus petition on the grounds that he failed to exhaust three of his four claims in state court and that his due process claim lacked merit. Almazan contends that his due process claim should not have been summarily dismissed due to delay in the decision of his state court habeas petition, which has been pending since June 2000. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

Excessive delay in state court proceedings may violate a petitioner's right to due process. *Coe v. Thurman,* 922 F.2d 528, 530 (9th Cir.1990) (addressing delay on direct appeal). In his amended petition,

** This disposition is not appropriate for publication and may not be cited to or by the

Almazan made allegations regarding the procedural history of his state court habeas petition and other facts supporting his due process claim. *See id.* at 531 (governing factors in evaluating claim are length of delay, reason for delay, petitioner's assertion of his right, and prejudice to petitioner). We cannot say that it plainly appears from the face of the amended petition that Almazan failed to state a claim and is not entitled to relief. Accordingly, the district court erred in summarily dismissing the due process claim. *See Boyd v. Thompson,* 147 F.3d 1124, 1127–28 (9th Cir.1998) (Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts authorizes summary dismissal of petition, before respondent files answer, if it plainly appears from face of petition that petitioner is not entitled to relief).

**REVERSED and REMANDED for further proceedings.**