**Robert Lawrence REED, Petitioner—Appellant,**

v.

**Don HELLING; et al., Respondents—Appellees.**

No. 04–15388.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2006.

Decided March 23, 2006.

John C. Lambrose, Esq., FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Jason M. Frierson, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: RYMER, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM *

Robert Reed appeals the dismissal of his petition for a writ of habeas corpus. We affirm.

Reed argues that the district court erred when it raised the procedural default issue *sua sponte* and dismissed Grounds One and Two with prejudice. This argument is without merit. A habeas court may raise procedural default *sua sponte* "if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson,* 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). We have encouraged district courts to "raise procedural default sua sponte if doing so furthers [the interests of comity, federalism, and judicial efficiency]." *Boyd v. Thompson,* 147 F.3d 1124, 1127 (9th Cir.1998). The district court properly raised that issue here. As the court noted, the Nevada state courts previously dismissed one of Reed's petitions on timeliness grounds, and Reed failed "to establish 'cause' for the default in either the state court or this court." Thus, raising procedural default promoted the interests identified in *Boyd.*

Normally, we would remand to give Reed "an opportunity to present a cause and prejudice justification for his procedural default." *Windham v. Merkle,* 163 F.3d 1092, 1101 (9th Cir.1998). But in this case, the district court and Nevada state courts already considered Reed's cause and prejudice excuse in dismissing Ground Three. Reed has been unable to "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *High v. Ignacio,* 408 F.3d 585, 590 (9th Cir.2005) (citation omitted). Given these unusual circumstances, where Reed's cause-and-prejudice arguments have already been rejected, we see no reason to permit Reed to re-litigate this question with respect to Grounds One and Two. We therefore decline to remand for further proceedings.

We have also considered the uncertified issues that were briefed on appeal, and we deny Reed's request to expand the certificate of appealability.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.