**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELVIN WICKERWARE, | No. 10-17799 |
| Petitioner - Appellant, | D.C. No. 4:10-cv-01690-PJH |
| v. | |
| R. HILL, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted September 27, 2011[**]

Before:     HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Melvin Wickerware appeals pro se the district court's judgment denying his

28 U.S.C. § 2254 petition, challenging the state court's use of a 1993 federal bank

robbery conviction to enhance his 2007 sentence for a California robbery

conviction.  We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly summarily denied Wickerware's petition as it plainly appears from the face of the petition that he is not entitled to relief. *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Rules Governing Section 2254 Cases R. 4; *see also Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("[o]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."); *Daniels v. United States*, 532 U.S. 374, 382 (2001) ("If...a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse."). [1]

**AFFIRMED.**

---

[1]To the extent appellant seeks to expand the certificate of appealability, the request is denied. See 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).