
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHON SILVERSKY, | No. 10-35317 |
| Petitioner - Appellant, | D.C. No. 1:10-cv-00012-RFC-CSO |
| v. | |
| MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Submitted December 6, 2012[**]
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Montana state prisoner Jonathon Silversky ("Silversky") appeals the district court's summary denial in part and dismissal in part of his 28 U.S.C. § 2254 habeas corpus petition pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases. Silversky contends that, in pursuing post-conviction relief before the Montana Supreme Court, he was denied an impartial tribunal in violation of the due process clause. We have jurisdiction under 28 U.S.C. § 2253 and 28 U.S.C. § 1291, and we affirm the district court's summary denial in part and dismissal in part.

Silversky does not allege that the Montana Supreme Court's decision was contrary to, or an unreasonable application of, clearly established federal law, or relied upon an unreasonable determination of the facts in light of the evidence presented. Instead, Silversky "alleg[es] errors in the state post-conviction review process [which are] . . . not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). A federal habeas petition is not the proper vehicle for addressing the adequacy of process provided to Silversky in state post-conviction proceedings.

Silversky never presented the operative facts of his judicial bias claim to the Montana state courts, and the statute of limitations for filing a petition for post-conviction relief has lapsed. Mont. Code Ann. § 46-21-102. Silversky's judicial

bias claim is procedurally barred, and Silversky has not alleged cause and prejudice to overcome that bar. Silversky has not provided any evidence of cause by suggesting that "something external to [him], something that cannot fairly be attributed to him" prevented him from filing a timely petition for post-conviction relief in state court. *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Silversky has also not established prejudice. The Supreme Court has never held that prejudice automatically ensues when one judge on a multi-judge panel is biased, if that judge does not cast a decisive vote. *See Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 827 (1986).

Silversky's habeas petition was properly denied pursuant to the summary procedures in Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, district courts are required to summarily dispose of a case if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." This Court has recognized that "Congress envisioned district courts taking an active role in summarily disposing of facially defective habeas petitions." *Boyd*, 147 F.3d at 1127. Silversky's judicial bias claim is procedurally defaulted and is not addressable in a § 2254 petition. The remaining

3

claims in Silversky's petition were found to be successive under 28 U.S.C. § 2244(b), or not cognizable in federal habeas corpus proceedings.

In light of these findings, we **AFFIRM** the district court's summary denial in part and dismissal in part of Silversky's 28 U.S.C. § 2254 habeas corpus petition.