**NOT FOR PUBLICATION**

FILED

MAR 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOLLINS TIZENO, | No. 15-56150 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-05157-BRO-RNB |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted March 6, 2019
Pasadena, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and CHRISTENSEN,[**] Chief District Judge.

Petitioner Hollis Tizeno appeals the district court's order denying his

petition for writ of habeas corpus, arguing that the district court erred by raising

procedural default sua sponte and by finding that he failed to show actual

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dana L. Christensen, Chief United States District Judge for the District of Montana, sitting by designation.

innocence to overcome procedural barriers pursuant to *Schlup v. Delo*, 513 U.S. 298 (1995). We have jurisdiction pursuant to 18 U.S.C. § 1291, and we affirm.

1.      We have held that the district court retains "discretion to raise procedural default sua sponte if doing so furthers" the interests of comity, federalism, and judicial efficiency, as long as the court "give[s] a petitioner notice of the procedural default and an opportunity to respond to the argument for dismissal." *Boyd v. Thompson*, 147 F.3d 1124, 1127–28 (9th Cir. 1998).

We find these interests furthered in this case. The California Supreme Court cited *In re Clark*, 855 P.2d 729, 740–41 (Cal. 1993), in its summary denial of Tizeno's petition. As explained in *Clark*, that court has long imposed "the rule that absent a change in the applicable law or the facts, [it] will not consider repeated applications for habeas corpus presenting claims previously rejected," and "refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *Id.* at 740. We need not determine whether the bar against piecemeal or successive petitions is an adequate and independent state ground to find that the interests of comity and federalism are furthered by raising the bar sua sponte. Judicial efficiency also supports raising the procedural bar. In Tizeno's opposition to the State's motion to dismiss, he specifically conceded that his claims are barred due to California's procedural rules regarding piecemeal presentation of claims. In fact, Tizeno cited *Clark*, quoting,

15-56150

"The petitioner cannot be allowed to present his reasons against the validity of the judgment against him piecemeal by successive proceedings for the same general purpose." *Id.* at 741.

Furthermore, Tizeno had proper notice and an opportunity to respond. In addition to conceding that his petition was barred by California's procedural rule against piecemeal presentation of claims in a previous brief, Tizeno received notice of the bar and its consequences when the magistrate judge filed his Report and Recommendations with the district court. Tizeno then had the opportunity to respond by filing objections to the magistrate judge's findings. This is sufficient under *Boyd*.[1]

2.      Even assuming we review a *Schlup* claim de novo, Tizeno fails to meet the *Schlup* standard. "To be credible, such a[n actual innocence] claim requires petitioner to support his allegations of constitutional error with new *reliable* evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324 (emphasis added). Tizeno presents only unreliable and incredible evidence from a witness's recantation testimony to establish actual innocence.

---

[1] Because we find the district court acted within its discretion in raising the procedural bar, we do not address whether the State specifically raised the bar against piecemeal or successive litigation when it generally raised *Clark*'s untimeliness bar.

15-56150

This cannot meet *Schlup*'s high standard. *See id.* at 321 (establishing that the *Schlup* gateway is intentionally "'rare' and [] only [] applied in the 'extraordinary case'").

**AFFIRMED.**[2]

---

[2] We deny Tizeno's motion to stay and remand the case. Even if his *Brady* claim has merit, it faces the same procedural bars as his other claims, and remand would therefore be futile.