Kou Lo VANG, Petitioner–Appellant,

v.

State of NEVADA, Respondent–Appellee.

No. 00–16639.

United States Court of Appeals,
Ninth Circuit.

Argued June 11, 2001.

Resubmitted April 29, 2003.

Filed May 23, 2003.

Michael K. Powell, Assistant Federal Public Defender, Reno, NV, for the petitioner-appellant.

Victor H. Schulze, II, Deputy Attorney General, Las Vegas, NV, for the respondent-appellee.

Before HILL,* GRABER, and McKEOWN, Circuit Judges.

## OPINION

GRABER, Circuit Judge.

Petitioner Kou Lo Vang appeals the dismissal without prejudice of his petition for habeas corpus under 28 U.S.C. § 2254. The district court dismissed the petition without prejudice because it was a "mixed petition" containing both exhausted and unexhausted claims. Petitioner argues that the court erred when it concluded that claims 1, 4, 5, 6, and 7 were procedurally defaulted and that claims 8 and 13(F)(1) and (2) were unexhausted. We agree with the district court that claims 1 and 7 were procedurally defaulted and that certain disputed claims were unexhausted. We hold, however, that claims 4, 5, and 6 were not procedurally defaulted.

## FACTUAL AND PROCEDURAL HISTORY

A Nevada jury convicted Petitioner of first-degree murder, first-degree murder with a deadly weapon, and conspiracy to commit both crimes. Petitioner was sentenced to three life sentences and two six-year sentences, all to run consecutively. Petitioner filed a direct appeal, which was unsuccessful, followed by a motion for reconsideration, which was denied. Petitioner then filed two successive petitions for post conviction relief in state court. The first petition was denied; Petitioner did not appeal that ruling. The second petition was denied, as was Petitioner's motion for reconsideration. Petitioner's appeal from the denial of the second petition, and the subsequent petition for rehearing, were dismissed by the Nevada Supreme Court.

Petitioner then filed the present federal petition for habeas corpus, alleging numerous grounds for relief.[1] A magistrate

---

* The Honorable James C. Hill, Senior Circuit Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

1. Summarizing, the claims disputed on appeal are:

    1. Petitioner's right to due process was violated because the prosecution presented insufficient evidence to prove the crimes charged.

    4. Petitioner was denied assistance of counsel when the Laotian interpreter was removed from his trial.

    5. Petitioner's right to confront and cross-examine witnesses was violated when the Laotian interpreter was removed from his trial.

    6. Petitioner's right to testify and present a defense was denied when the Laotian interpreter was removed from his trial.

    7. Petitioner's right to confront and cross-examine witnesses was violated when the trial court admitted hearsay statements of a co-conspirator.

judge evaluated the petition and determined that, although some of the claims were exhausted, many of them were not, and others were procedurally defaulted. Accordingly, the magistrate judge recommended that the petition be dismissed as a mixed petition. On de novo review, the district court adopted the findings of the magistrate judge and dismissed Petitioner's petition without prejudice.[2] Petitioner then filed a timely motion for a certificate of appeal ability, which the district court granted. This timely appeal followed.

## STANDARD OF REVIEW

▆▆▆▆ We review de novo a district court's decision to dismiss a habeas petition for procedural default. *Manning v. Foster,* 224 F.3d 1129, 1132 (9th Cir.2000). We also review de novo a district court's decision to dismiss a habeas petition for failure to exhaust. *Roettgen v. Copeland,* 33 F.3d 36, 37–38 (9th Cir.1994) (per curiam).

## DISCUSSION

### A. *Procedural Default*

#### 1. *Background*

▆▆▆▆ In a habeas corpus proceeding, we do not review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This doctrine "applies to bar federal habeas

review when the state court has declined to address the petitioner's federal claims because he failed to meet state procedural requirements." *McKenna v. McDaniel,* 65 F.3d 1483, 1488 (9th Cir.1995). If a petitioner has procedurally defaulted, we do not review the claim unless the petitioner "can establish cause and prejudice or that a miscarriage of justice would result in the absence of our review." *Moran v. McDaniel,* 80 F.3d 1261, 1270 (9th Cir. 1996).

The district court found that claims 1, 4, 5, 6, and 7 of Petitioner's federal petition were procedurally defaulted. Specifically, the Nevada Supreme Court dismissed those claims on habeas review because they could have been raised on direct appeal and, thus, were presented in violation of Nevada Revised Statute § 34.810. Petitioner does not argue that those claims were, in fact, raised on direct appeal. Instead, he argues that (a) the state did not rely on the defense of procedural default as to claims 4, 5, and 6 and (b) the procedural rule applied by the state court was neither "adequate" nor "independent" and thus cannot bar federal review. We will discuss each contention in turn.

#### 2. *Waiver*

In its motion to dismiss the petition as to claims 4, 5, and 6, the state did not rely on the defense of procedural default. The district court applied the doctrine sua sponte. That was error.

---

8. Petitioner's right to confront and cross-examine witnesses and his right to effective assistance of counsel were violated when the trial court refused to allow Petitioner's counsel to impeach Lue Vue, the State's main witness, with a prior inconsistent statement.

13. Petitioner was denied effective assistance of counsel because:

F. Counsel failed to investigate and present

(1) evidence to counter the prosecution's racial comments about Hmong tribesmen and

(2) evidence regarding the state's main witness.

2. Because the district court approved the recommendations of the magistrate judge, we refer hereafter to the district court.

■ Procedural default is an affirmative defense. *Bennett v. Mueller*, 322 F.3d 573, 585 (9th Cir.2003). Generally, the state must assert the procedural default as a defense to the petition before the district court; otherwise the defense is waived. *Franklin v. Johnson*, 290 F.3d 1223, 1229 (9th Cir.2002). However, the district court retains discretion to consider the issue sua sponte if the circumstances warrant. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir.1998).

In *Boyd*, we recognized that the district court may, sua sponte, raise the issue of procedural default when the default is obvious from the face of the petition and when recognizing the default would "further the interests of comity, federalism, and judicial efficiency." *Id.* As further support for our decision in *Boyd*, we noted that the state had not actually waived the defense because the trial court raised the procedural default issue before the state responded. *Id.* at 1127. Indeed, the state had not yet been served with the petition. *Id.*

■ This case is not like *Boyd*. Here, the sua sponte decision followed a lengthy response from the state in which it did *not* rely on the Nevada Supreme Court's imposition of a procedural bar as to claims 4, 5, and 6. Nor is the default obvious from the face of the petition, as it was in *Boyd*. Because the default was a failure to assert claims that could have been raised on direct appeal, the court had to consider Petitioner's state-court filings to determine which claims were raised in which filings.

■ Even though this case is distinguishable from *Boyd*, principles of comity, federalism, and judicial efficiency would permit us to apply a procedural bar even though the state failed to raise it. *See Windham v. Merkle*, 163 F.3d 1092, 1100 (9th Cir.1998) (applying *Boyd* and exercising discretion to recognize a procedural bar "on our own motion"). We are not persuaded to do so in this case. Although Petitioner noted in his opening brief the state's failure to raise the defense of default as to claims 4, 5, and 6, the state in its answering brief did not explain the failure or argue why its failure should be excused. In the circumstances, we hold the state to its waiver and thus reverse the district court's decision that claims 4, 5, and 6 were procedurally defaulted. *See Franklin*, 290 F.3d at 1233 (declining to apply procedural bar when "the state provides no explanation whatsoever for its failure to raise a procedural default argument in the district court, much less any extraordinary reason for reaching the procedural default defense despite the state's failure to raise the issue below").

### 3. Adequacy and Independence of the State Procedural Bar

The Nevada Supreme Court also determined that Petitioner could not assert claims 1 and 7 in his state habeas petition because those claims could have been brought on direct appeal. Nev.Rev.Stat. § 34.810(1)(b)(2). The state did argue procedural default as to claims 1 and 7, and the district court agreed that those claims were procedurally defaulted. Petitioner contends that § 34.810 does not serve as a bar to those claims because it is not an "adequate" or "independent" state ground.

■ A state procedural rule is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States Dist. Court*, 96 F.3d 1126, 1129 (9th Cir.1996) (citation and internal quotation marks omitted). For our purposes, we look to the manner in which the Nevada Supreme Court applied the procedural bar of § 34.810 between the time Petitioner filed his direct appeal and the time when he filed his state petition for habeas corpus relief, that is, during the

period 1988 through 1991. *See Petrocelli v. Angelone,* 248 F.3d 877, 886 (9th Cir. 2001) (establishing relevant "trigger dates" for the purposes of § 34.810 as the date of the petitioner's direct appeal and the date of the post-conviction proceeding).

We have addressed this exact procedural bar for this exact time period at length. In capital cases, we have held that § 34.810 is not an adequate state ground because the Nevada Supreme Court exercises its discretion to recognize defaulted constitutional claims on post-conviction review when a case involves " 'the ultimate punishment.' " *Id.* at 886 (quoting *Pertgen v. State,* 110 Nev. 554, 875 P.2d 361, 364 (1994) (per curiam)); *see also McKenna,* 65 F.3d at 1489 (holding, in a capital case, that the Nevada Supreme Court's "refusal to exercise discretion to hear the claim . . . is insufficient for the State to invoke the procedural bar doctrine").

Petitioner's is not, however, a capital case. The distinction matters. *Valerio v. Crawford,* 306 F.3d 742, 776 (9th Cir.2002) (en banc), *cert. denied,* —— U.S. ——, 123 S.Ct. 1788, 155 L.Ed.2d 695 (2003) (Mem.), dealt with a default under § 34.810 within the precise time period in which Petitioner's defaults occurred. In *Valerio,* we held that the Nevada Supreme Court had what we regarded as a "commendable" policy in capital cases to address sua sponte a constitutional error on the merits in spite of a petitioner's failure to raise it in an earlier appeal or post-conviction motion. *Id.* However, *Valerio's* analysis of Nevada cases makes clear that the capital nature of the sentence played a pivotal role in the Nevada Supreme Court's discretion not to apply the bar. *See id.* at 776–777 (reviewing cases in which the Nevada Supreme Court exercised discretion to ignore the bar "in a capital case," "where a life is at stake," and when a case "involves the ultimate punishment" (citations and internal quotation marks omitted)). We distinguished an earlier case from this court on the ground that it was a *non-capital* case. *See id.* at 778 ("The fact that the Nevada Supreme Court did not exercise its discretion to consider defaulted claims in non-capital cases is consistent with its use of that discretion to hear such claims when a death sentence is at issue."). In view of *Valerio's* recent analysis, we hold that the procedural bar at issue in Petitioner's case is an adequate state ground to bar federal review.[3]

Petitioner argues that the bar was not adequate because he received less than 15 days' notice of the state's intention to argue that § 34.810 should apply. His argument misconceives our inquiry. The question here is whether the substantive requirement that a petitioner has raised certain issues on direct appeal was consistently applied at the time Petitioner violated the requirement. Petitioner's argument does not address that question. As noted, at the time Petitioner failed to raise claims 1 and 7 on direct appeal, Nevada consistently applied the "raise it or waive it" rule of § 34.810 in non-capital cases.

The question remains whether the ground on which the Nevada Supreme Court relied is sufficiently "independent" to bar federal review. A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision. *McKenna,*

---

**3.** Petitioner failed to raise claims 1 and 7 on direct appeal. Nev.Rev.Stat. § 34.810(1)(b)(2). By contrast, Valerio failed to raise the claims at issue in a post-conviction petition. *Id.* § 34.810(2). This distinction is of no moment however, because *Valerio* assessed both kinds of defaults in reaching its capital/non-capital distinction. 306 F.3d at 776–77.

65 F.3d at 1488. A state court's decision is not "independent" if the application of a state's default rule depends on a consideration of federal law. *Park v. California,* 202 F.3d 1146, 1152 (9th Cir.2000). If the state court's decision fails "to specify which claims were barred for which reasons," we have held that the ambiguity serves to defeat the independence of the state procedural bar. *Valerio,* 306 F.3d at 775; *Koerner v. Grigas,* 328 F.3d 1039, 2003 WL 1957101, at *8 (9th Cir. Apr.28, 2003).

■ Here, however, the Nevada Supreme Court's decision was unambiguous. The Court specifically relied on its own state statute, Nev.Rev.Stat. § 34.810, as the bar to reviewing Petitioner's claims 1 and 7. Moreover, its decision as to whether to apply the procedural bar did not involve any consideration of federal law. In capital cases, Nevada courts may consider the merits of a constitutional claim when deciding whether or not to apply the bar. In such cases, the ground for decision is "intertwined" with federal law to such a degree that it cannot be said to be "independent." *McKenna,* 65 F.3d at 1489. But, in this non-capital case, the Nevada Supreme Court did not undertake any such analysis.

In summary, the Nevada Supreme Court declined to review claims 1 and 7 because, under Nevada Revised Statute § 34.810, the claims could have been brought in Petitioner's direct appeal but were not. In this non-capital case, that procedural bar is an adequate and independent state ground sufficient to deny Petitioner federal review of those two claims.

B. *Exhaustion*

■ "A habeas petitioner must give the state courts the first opportunity to review any claim of federal constitutional error before seeking federal habeas review

of that claim." *Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir.1999) (per curiam). A habeas petitioner satisfies the "exhaustion" requirement only if the petitioner "fairly presented" the claim to the highest state court available. *Roettgen,* 33 F.3d at 38. To "fairly present" a claim, a habeas petitioner must have "alert[ed] the state courts to the fact that he was asserting a claim under the United States Constitution. The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Hiivala,* 195 F.3d at 1106 (citation omitted).

As noted, Petitioner raised many claims in this federal habeas petition. At this point, however, the only claims as to which exhaustion is disputed are claims 8 and 13(F)(1) and (2).

■ Petitioner argues that federal claim 8 is the equivalent of claim 7 in his state-court habeas petition. The district court concluded that, although state claim 7 is superficially similar to federal claim 8, the federal claim incorporates factual allegations and legal arguments that were not presented to the state court. We agree.

In claim 7 of his state-court petition, Petitioner argued only that he was denied the right to cross-examine the state's primary witness, Lue Vue, because the trial court refused to allow counsel to impeach Lue Vue with allegedly inconsistent statements that were made during a preliminary hearing and before the grand jury. In claim 8 of his federal-court petition, Petitioner adds an allegation concerning Lue Vue's allegedly inconsistent statements to police officers. Petitioner also alleges in claim 8, for the first time, that the trial court denied him "his right to effective assistance of counsel at trial" when it refused to allow him to impeach Lue Vue. That is a different legal theory, which is unexhausted.

Thus, federal claim 8 contains both a factual allegation and a legal theory that Petitioner did not present in state court. The district court did not err in concluding that Petitioner failed to exhaust claim 8.

Petitioner's final argument is that the district court erred when it held that claim 13(F)(2) was unexhausted. In substance, the court did *not* hold that this claim was unexhausted. Actually, the court held that claim 13(F) was partially exhausted, as to one of its two separate factual bases. Claim 13(F) involved subparts (1) and (2). In (2), Petitioner argues that his trial counsel was ineffective because he "failed to prepare for the impeachment of Lue Vue." The district court expressly concluded that this argument—"that trial counsel failed to impeach Lue Vue with prior inconsistent statements"—was exhausted. Unfortunately, the district court mistakenly referred to this claim as claim 13(F)(1). Claim 13(F)(1) is that "counsel failed to investigate and prepare racial and cultural factors endemic to the Hmong." That argument was never presented to the state court; it is unexhausted. Petitioner does not argue otherwise.

Instead, Petitioner argues that we are bound by the district court's typographical error and that the result of the error is that *both* subparts of claim 13(F) must be treated as exhausted. We decline Petitioner's invitation to elevate form over substance. With respect to the substance of Petitioner's petition, the district court was correct. We affirm the holding that the impeachment claim—13(F)(2)—was exhausted and that the cultural investigation claim—13(F)(1)—was not.

## CONCLUSION

Claims 4, 5, and 6 are not procedurally defaulted because the state failed to rely on the default in its motion to dismiss and we find no persuasive reason to excuse that waiver. Claims 1 and 7 are procedurally defaulted.

As for exhaustion, we affirm the district court and hold that claims 8 and 13(F)(1) are unexhausted. We remand the case to the district court so that it may give Petitioner the opportunity to request dismissal of his unexhausted claims and continue in the district court or to accept the district court's dismissal of the mixed petition. *See Anthony v. Cambra,* 236 F.3d 568, 574 (9th Cir.2000) (requiring district courts to "provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal"), *cert. denied,* 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001). If Petitioner elects to return to state court to exhaust his unexhausted claims, the district court should consider holding the petition in abeyance so as to preserve Petitioner's access to federal court review. *Kelly v. Small,* 315 F.3d 1063, 1070 (9th Cir.2002), *cert. denied,* — U.S. —, 123 S.Ct. 2094, — L.Ed.2d — (U.S. May 19, 2003) (No. 02–9769).

AFFIRMED in part and REVERSED in part and REMANDED for further proceedings consistent with this opinion.

The parties shall bear their own costs on appeal.