Brian **BREMER**, Petitioner—
Appellant,

v.

Joe **KLAUSER**, Warden; et al.,
Respondents—Appellees.

No. 03–35036.

United States Court of Appeals,
Ninth Circuit.

Submitted April 1, 2004.*

Decided April 5, 2004.

Brian Bremer, Philip H. Gordon, Esq., Boise, ID, for Petitioner–Appellant.

Kenneth Robins, L. LaMont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondents–Appellees.

Before: CANBY, WARDLAW, and GOULD, Circuit Judges.

MEMORANDUM **

Brian Bremer appeals the district court's grant of summary judgment to Warden Joe Klauser and the State of Idaho, in this lawsuit filed under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

Bremer's petition contended that he was entitled to relief on four grounds: (1) that he was mentally incompetent when he entered his guilty plea; (2) that his due process rights were violated when the state trial court accepted his guilty plea despite the testimony of two psychologists that he was mentally incompetent; (3) that his counsel provided ineffective assistance of counsel during proceedings related to his guilty plea; and (4) that the trial court erred in convicting and sentencing Bremer

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

in light of the testimony of the two psychologists.

The district court determined that Bremer's first two claims were procedurally defaulted because they were never presented to the Idaho Supreme Court. Although Bremer (through counsel) filed a petition for review with the Idaho Supreme Court in his post-conviction proceedings asserting his first two claims, that court dismissed his petition as untimely under Idaho Appellate Rule 118. The district court determined Bremer's third claim to be procedurally defaulted because it was never presented to any Idaho state court. Finally, the district court considered Bremer's fourth claim to be a restatement of Bremer's first three claims and did not evaluate it separately.

When a petitioner has procedurally defaulted his claims, we will not review his claims unless the petitioner "can establish cause and prejudice or that a miscarriage of justice would result in the absence of our review." *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003) (quotation omitted). We have held that "[t]o allege cause for a procedural default, a petitioner must assert that the procedural default is due to an objective factor that is external to the petitioner and that cannot fairly be attributed to him." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir.2000) (internal quotation marks omitted).

We see no basis to relieve Bremer of his procedural defaults. Bremer argues that he has established cause and prejudice excusing his procedural default be-

cause of ineffective assistance of his appellate counsel, in violation of Idaho state law. Even if so, Bremer's argument is foreclosed by the Supreme Court's decision in *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *Coleman* held that because a petitioner has no federal constitutional right to effective assistance of counsel in state post-conviction proceedings, any error committed by appellate counsel in such proceedings is imputed to the petitioner. 501 U.S. at 753 ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error.") (internal quotations omitted). Because Bremer "cannot claim constitutionally ineffective assistance of counsel in such [state post-conviction] proceedings," *id.* at 752, he has not shown "cause" that would, with prejudice, excuse his procedural default.[1]

Further, there is no claim by Bremer that a "miscarriage of justice" will arise if the claims are not heard by us. *Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996) (holding that petitioner must demonstrate actual innocence to meet the miscarriage of justice standard). Thus, this standard does not provide a reason to review the defaulted claims.

**AFFIRMED.**

---

1. In his opening brief, Bremer included in his statement of issues the question of "whether the [procedural] bar at issue has been consistently applied." However, while stating that a rule must be regularly followed to be a bar, Bremer did not argue in his opening brief that the procedural rule invoked by the Idaho Supreme Court was not consistently applied at the time the court dismissed Bremer's petition. Bremer's brief fails adequately to allege

that the Idaho procedural rule requiring that petitions for review in the Idaho Supreme Court be filed within 21 days of the Idaho Court of Appeals' decision was not consistently applied; this argument was not "specifically and distinctly" asserted, *see Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir.2001), and therefore we do not consider it.