**Jesse Wallace ANDERSON, Petitioner—Appellant,**

v.

**Sherman HATCHER, Warden, Respondent—Appellee.**

No. 02–16241.
D.C. No. CV–97–01112–DWH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2004.

Decided May 28, 2004.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

John C. Lambrose, Esq., Danice Arbor Johnson, Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Richard A. Molezzo, Office of the Nevada Attorney General, Carson City, NV, Robert E. Wieland, Esq., Office of the Nevada Attorney General, Reno, NV, for Respondent–Appellee.

Before O'SCANNLAIN, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM **

The district court did not err by concluding that claims 1, 2, 3, 5, 6, 7, 8 and 9 of Anderson's Second Amended Petition for a Writ of Habeas Corpus are procedur-

ally defaulted. A federal court may not review a state court's decision on a question of federal law if the decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

Nevada Revised Statutes §§ 34.810 and 47.040 are "independent" grounds because the Nevada Supreme Court "explicitly invoke[d] the procedural rule[s] as a separate basis for its decision," *Vang v. Nevada,* 329 F.3d 1069, 1074 (9th Cir.2003), and the state did not make application of the procedural bar depend on an antecedent ruling on federal law. *See Park v. California,* 202 F.3d 1146, 1152 (9th Cir.2000). Contrary to Anderson's argument, the Nevada Supreme Court's footnote indicating it had considered all documents filed and that the requested relief was not warranted, did not constitute a decision on the merits of his federal law claims; moreover, even if it did, "[a] state court's application of a procedural rule is not undermined where ... the state court simultaneously rejects the merits of the claim." *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir. 2003).

Sections 34.810 and 47.040 are also "adequate" state procedural rules. An adequate procedural rule is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. U.S. Dist. Court,* 96 F.3d 1126, 1129 (9th Cir.1996) (quotation omitted). This court has previously held that Section 34.810 has been consistently applied in non-capital cases from 1988 to 1991 and can thus be adequate to bar federal review. *Vang,* 329 F.3d at 1074. Although

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the time of Anderson's default was subsequent to *Vang's* time frame, he has not pointed to any non-capital cases since 1991 that evidence a departure from the consistency we noted in *Vang.* Accordingly, he has not satisfied his burden of placing adequacy at issue, either before the district court or before this court on appeal. *See Bennett,* 322 F.3d at 586. Similarly, Anderson does not assert any specific factual allegations demonstrating that Section 47.040 has been inconsistently applied, and thus likewise failed to satisfy his intermediate burden with respect to this rule. *See id.* Accordingly, the district court properly found that both Section 34.810 and Section 47.040 are adequate and independent state law grounds that preclude federal review of Anderson's claims.

The district court also correctly concluded that Anderson's default is not excused because he has not demonstrated cause for his default and prejudice resulting from a clearly established federal law violation. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546. Anderson has not shown that his counsel's performance was objectively unreasonable, *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), nor has he shown a reasonable probability that, but for her alleged errors, the result of his proceeding would have been different. *Id.* at 694, 104 S.Ct. 2052. Finally, Anderson has not presented a credible claim of actual innocence, *see Calderon v. Thompson,* 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998), and thus cannot demonstrate that the failure to consider the procedurally defaulted claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750, 111 S.Ct. 2546.

AFFIRMED.