Tyrone GIVENS, Petitioner—Appellant,

v.

Frankie Sue DEL PAPA;  Craig Farwell, Respondents—Appellees.

No. 05–16109.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 6, 2006.

Decided May 2, 2006.

9. *See* Federal Rule of Appellate Procedure 28(a)(9).

Anne R. Traum, Esq., Debra A. Bookout, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Victor Hugo Schulze, II, Esq., AGNV—Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

Before: NOONAN, SILER,* and BYBEE, Circuit Judges.

### MEMORANDUM **

Tyrone Givens was convicted for the attempted robbery and attempted murder of an elderly jogger and his daughter. He now petitions for habeas corpus, alleging that his counsel was constitutionally ineffective for failing to object to the admission of a show-up identification by two witnesses, failing to object to his appearance in prison clothes, and failing to investigate a possible intoxication defense. The latter two claims are uncertified. *See Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir.1999). Because the state court did not

reach the merits of Givens's case, we review his claims de novo. *See Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir.2004); *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir.2003).

Even assuming Givens's claims are not procedurally barred because of his failure to effectively file a state habeas petition, *see Koerner v. Grigas*, 328 F.3d 1039, 1044 n. 1 (9th Cir.2003), his ineffective assistance claims do not warrant a writ. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Givens must show that trial counsel's performance "fell below an objective standard of reasonableness" and resulted in prejudice such that the "decision reached would reasonably likely have been different absent the errors." *Id.* at 688, 696. Counsel is presumed to have acted "within the wide range of reasonable professional assistance." *Pizzuto v. Arave*, 280 F.3d 949, 954 (9th Cir.2002) (internal quotations omitted).

An unnecessarily suggestive show-up identification is inadmissible unless there are sufficient indicia of its reliability. *Neil v. Biggers*, 409 U.S. 188, 198–99, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). It is a close question whether the show-up identification used at Givens's trial was unduly suggestive, *see United States v. Montgomery*, 150 F.3d 983, 992 (9th Cir.1998) ("when it emphasizes the focus upon a single individual" an "identification procedure is unnecessarily suggestive when its use is not imperative") (internal quotations omitted). *But see United States v. Kessler*, 692 F.2d 584, 585 (9th Cir.1982) ("[A] show-up is a permissible means of identification without requiring a showing of exigency."). But even assuming that the procedure was impermissibly suggestive,

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

there were insufficient "indicia of reliability" to outweigh "the 'corrupting effect of the suggestive identification procedure itself.'" *United States v. Bagley*, 772 F.2d 482, 492 (9th Cir.1985) (quoting *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977)). Witnesses saw the shooter briefly and from some distance away. Consequently, they were only able to describe the suspect's clothing color, race, and build, and the descriptions were not entirely accurate. *See Neil*, 409 U.S. at 199–200, 93 S.Ct. 375. The testimony would likely have been suppressed. There were, however, other reliable witnesses to the crime: One victim confidently identified Givens just weeks after the attack, and another identified him at trial. Accordingly, it is not reasonably likely that suppression of the show-up testimony would have altered the outcome of the trial. *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

■ The record suggests that Givens may have been intoxicated the night before the shootings, but witnesses recount nothing in Givens's "speech, demeanor, and movement" to suggest he was intoxicated on the morning of the crime. *Dearman v. State*, 93 Nev. 364, 367, 566 P.2d 407 (1977). There is evidence that Givens did form the requisite intent to kill, despite any effects of alcohol. He demanded money, threatened the victims, and then—after shooting the elder jogger—warned his daughter that "the next one is for you." *See Kuk v. State*, 80 Nev. 291, 295–96, 392 P.2d 630 (1964) (finding that intoxicated defendant nevertheless "formed a deliberate design to kill" where he stated "'If he moves, I'll shoot him again'"). Even if Givens could have obtained a jury instruc-

tion on intoxication, there is no reasonable probability that the additional defense theory would have altered the outcome of the trial. *Strickland*, 466 U.S. at 690, 691, 104 S.Ct. 2052. In fact, presenting such a defense may have harmed Givens, as it was inconsistent with his defense of mistaken identity. *Strickland* acknowledges the "wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052.

■ It is well-established that the state cannot compel an accused to stand trial in prison clothes. *Estelle v. Williams*, 425 U.S. 501, 502, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). But Givens does not allege coercion—he claims ineffective assistance of counsel. Even if counsel's failure to object to Givens's appearance in jail clothes on the first day of trial (or even, it appears, to inform Givens about his trial date) fell below the objective standard of reasonableness, it is extremely unlikely that the outcome of the trial would have been different had Givens been appropriately dressed. Givens certainly cannot make the "'substantial showing of the denial of a constitutional right'" required to prevail on this uncertified claim. *Hiivala*, 195 F.3d at 1104 (quoting 28 U.S.C. § 2253(c)(2)).

Even under de novo review, we find no error that "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052.

AFFIRMED.