Thomas Michael **TROLLOPE**, aka Michael Trollope aka Tom Michaels, Petitioner—Appellant,

v.

Terry L. **STEWART**, Director, Respondent—Appellee.

No. 03–15842.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 15, 2006.

Filed Jan. 22, 2007.

Thomas Michael Trollope, Florence, AZ, pro se.

Cari McConeghy, Office of the Arizona Attorney General, Phoenix, AZ, for Respondent–Appellee.

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and SELNA *, District Judge.

## MEMORANDUM **

Petitioner–Appellant Thomas Michael Trollope appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction on two counts of child molestation and one count of attempted sexual abuse.

**1.** The state failed to assert procedural default as a defense to Trollope's petition before the district court, and the district court erred when it *sua sponte* found procedural default and barred Trollope's *pro se* claim of newly discovered evidence. *See Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir.2003) ("[W]e hold the state to its waiver and thus reverse the district court's decision that [Trollope's claim alleging newly discovered evidence was] procedurally defaulted.") (citation omitted).

**2.** Trollope failed to show that either trial counsel's or post-trial counsel's representation fell below an objective stan-

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

dard of reasonableness, or that he suffered prejudice. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Accordingly, the district court properly concluded that Trollope's claims alleging ineffective assistance of counsel did not merit an evidentiary hearing. *See Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir.1998).

■ 3. Trollope's claim that it was fundamental error for the Arizona trial court to allow the admission of expert testimony regarding Trollope's emotional propensity to commit sex crimes is unpersuasive. Because Trollope entered a "no contest" guilty plea, the expert's testimony was never actually admitted into evidence.

■ 4. Trollope failed to make a substantial showing of the denial of a constitutional right with respect to the claims that the district court did not certify for review. We therefore deny Trollope's motion to expand the Certificate of Appealability. *See Slack v. McDaniel,* 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**AFFIRMED** in part; **REVERSED** and **REMANDED** in part for the sole purpose of conducting further proceedings on Trollope's claim of newly discovered evidence. Each party shall bear its own costs on appeal.