**Ruben Parra RUIZ, Petitioner– Appellee,**

v.

**James E. HALL, Warden, Respondent– Appellant.**

**No. 05–56683.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2007.*

Filed March 2, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Jerald L. Brainin, Esq., Los Angeles, CA, for Petitioner–Appellee.

Ruben Parra Ruiz, Imperial, CA, pro se.

Gary W. Schons, Esq., Kevin R. Vienna, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Respondent–Appellant.

Before: CANBY, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

The State of California, by and through Warden James Hall, ("the government") appeals from the district court's order granting habeas relief to Ruben Parra Ruiz ("Ruiz"). The government asserts that the district court erred in concluding that Ruiz had exhausted state court remedies as to his claim that his rights were violated under *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and that the district court granted excessive relief when it ordered the government to retry Ruiz on all three of his gun-related convictions. Because the parties are familiar with the facts of the case, we will not recount them here.

I

■ The district court correctly held that Ruiz exhausted his *Biggers* claim. Al-though the claim appeared in Ruiz's state appellate brief as a subheading under the claim for relief for insufficiency of the evidence pursuant to *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the *Biggers* claim was presented with sufficient particularity to satisfy our exhaustion requirements.

The government's reliance on *Rose v. Palmateer,* 395 F.3d 1108 (9th Cir.2005), is misplaced. Unlike the petitioner in *Rose,* Ruiz did not merely make passing reference to his *Biggers* claim. He included several pages of analysis and citation to develop the factual and legal basis for relief. Ruiz's development of arguments that were particular to a *Biggers* claim, addressing not only unreliability but also unfairness of the identification procedure, also negates the government's implication that Ruiz's presentation was strategically limited to challenging the credibility of the eyewitness identifications. *Cf. Rose,* 395 F.3d at 1111 ("In this case, a fair reading of Rose's post-conviction petition is that he deliberately chose, with the assistance of counsel, not to raise the Fifth Amendment claim before the state courts."). Ruiz stated his *Biggers* claim with sufficient particularity to meet the *Rose* standard of "fair presentation."

Additionally, it is indisputable that Ruiz sufficiently federalized the claim by citing to both *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). *See Lyons v. Crawford,* 232 F.3d 666, 668 (9th Cir.2000) ("Our rule is that a state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that

---

** This disposition is not appropriate for publication and is not precedent except as provid-ed by Ninth Cir. R. 36–3.

those claims were based on federal law."). To satisfy the federalization requirement, it is enough for a petitioner to cite "federal law or the decisions of federal courts[.]" *Lyons,* 232 F.3d at 668.

■ Finally, Ruiz's failure to raise his *Biggers* claim at trial does not defeat exhaustion here because no state court has relied on state-law waiver as an "independent" ground for dismissing Ruiz's appeal. *Vang v. Nevada,* 329 F.3d 1069, 1073 (9th Cir.2003) (holding that state-law procedural default bars federal habeas review only if it constitutes an "adequate and independent ground" for dismissal in state court). A procedural bar is "independent" only "if the state court explicitly invokes the procedural rule as a separate basis for its decision." *Vang,* 329 F.3d at 1074. In this case, despite having been fairly presented with the *Biggers* claim, the state appellate court did not "explicitly invoke" any procedural bars to the claim. The California Supreme Court's postcard denial of Ruiz's state habeas petition did not bar the claim since this court construes "a bare postcard denial from the California Supreme Court as a decision on the merits, for purposes of the exhaustion requirement, unless that court expressly relied on a procedural bar." *Greene v. Lambert,* 288 F.3d 1081, 1087 (9th Cir.2001), *citing Harris v. Superior Court,* 500 F.2d 1124, 1128–29 (9th Cir.1974) (en banc). Thus, no California appellate court has relied on procedural default as an independent ground for dismissing Ruiz's claim, meaning that the federal courts are not procedurally barred from considering it.

In sum, Ruiz has satisfied all exhaustion requirements. His claim was fairly presented, clearly federalized, and never procedurally defaulted. We therefore affirm the district court's conclusion that Ruiz exhausted the *Biggers* claim.

## II

■ The district court did not abuse its discretion in fashioning a remedy, *see Riggs v. Fairman,* 399 F.3d 1179, 1184 (9th Cir.2005) (describing standard of review), and we conclude that the district court's choice was reasonable.

The government contends that retrial on the gun-related charges is an excessive remedy because there was sufficient circumstantial evidence introduced at trial to support Ruiz's conviction as an aider and abettor in the shootings, even if there was no constitutionally permissible evidence that Ruiz was the trigger man. To establish aider and abettor liability under California law, the government must prove that the accused aider and abettor "kn[ew] the full extent of the perpetrator's criminal purpose and g[ave] aid or encouragement with the intent or purpose of facilitating the perpetrator's commission of the crime." *People v. Beeman,* 35 Cal.3d 547, 560, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984) (citations omitted), *cited by People v. Beardslee,* 53 Cal.3d 68, 90, 279 Cal.Rptr. 276, 806 P.2d 1311 (1991). Here, even if there were circumstantial evidence to establish that Ruiz was present at the scene of the crime, that evidence would not suffice to prove the requisite mens rea. In other words, there is a separate and distinct intent element to aider and abettor liability that was never presented to— much less found by—the jury in this case. We therefore agree with the district court that retrial of the gun-related charges or resentencing on the burglary conviction alone is necessary.

**AFFIRMED.**