MEMORANDUM *
Mitchell appeals from the district court’s order dismissing his petition for writ of habeas corpus. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm in part, reverse in part, vacate in part, and remand.
The district court did not address the merits of Grounds 11(e) and 12(b) of Mitchell’s petition. We therefore vacate the district court’s order to the extent that it disposed of these grounds, and remand the petition for the district court’s initial consideration of these grounds.
We affirm the district court’s dismissal of Ground 4 as proeedurally barred. The state court properly dismissed this ground pursuant to Nevada Revised Statute § 34.810(l)(b)(2). Vang v. Nevada, 329 F.3d 1069, 1073-74 (9th Cir.2003) (holding that section 34.810 is an adequate and independent state ground). Mitchell’s reliance on Pellegrini v. State, 117 Nev. 860, 34 P.3d 519 (2001) to distinguish Vang is unavailing because that case does not speak to the Nevada Supreme Court’s application of section 34.810 to non-capital cases, like the instant case. We reject Mitchell’s alternative argument that the procedural bar is excused because he is actually innocent of the sentencing enhancement applied. Bousley v. United States, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (requiring petitioner to show “factual innocence”).
We reverse the district court’s dismissal of Ground 7. The allegedly un-Mirandized statement is apparent from the record, and it is otherwise undisputed that Mitchell has pled sufficient facts to merit review of this claim.
We affirm the district court’s dismissal of Ground 9 because Mitchell fails to point to any clearly established Supreme Court precedent holding that a trial court must sua sponte sever an ex-felon in possession charge to comply with due process. 28 U.S.C. § 2254(d)(1).
AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.