FILED

**NOT FOR PUBLICATION**

MAY 10 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICHARD EARL GEORGE, | No. 09-56835 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-02215-J-POR |
| v. | |
| V. M. ALMAGER, Warden and DISTRICT COURT OF CALIFORNIA, SOUTHERN DISTRICT, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Submitted May 5, 2011**
Pasadena, California

Before: REINHARDT and HAWKINS, Circuit Judges, and COGAN, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

Petitioner Richard Earl George's ("George") argument in this 28 U.S.C. § 2254 habeas corpus petition, that the state trial court violated his due process rights by admitting evidence of a similar prior bad act, is foreclosed by our precedent. *See Mejia v. Garcia*, 534 F.3d 1036, 1046 (9th Cir. 2008) (citing *Alberni v. McDaniel*, 458 F.3d 860 (9th Cir. 2006), *cert. denied,* 549 U.S. 1287 (2007)).

Absent clear Supreme Court authority on point, even the erroneous admission of evidence resulting in a fundamentally unfair trial may not allow the grant of habeas relief. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). To the extent the Supreme Court has addressed the issue, it has expressly reserved consideration of whether the admission of prior bad acts under state law to show propensity constitutes a due process violation. *Alberni*, 458 F.3d at 864 (citing *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991)). Accordingly, the district court did not err in denying George's petition. *Id.* at 867; *see also* 28 U.S.C. § 2254(d)(1); *Carey v. Musladin*, 549 U.S. 70, 77 (2006); *Holley*, 568 F.3d at 1101.

Even if we were free to consider George's claim as alleging an error so infecting the proceedings as to render his trial fundamentally unfair, habeas relief would still be inappropriate as the evidence in question was relevant to a key witness's credibility and the jury could draw at least one permissible inference from it. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991) ("Only if there are *no*

permissible inferences the jury may draw from the evidence can its admission violate due process.").

Further, because George expressly declined a limiting instruction at trial, he is barred from arguing error in the omission of one here. *See id.* at n.2. He is likewise foreclosed from arguing that the prosecutor used the prior bad acts evidence for an impermissible purpose during closing argument – a claim he failed to raise in either the state courts or before the district court. *See Vang v. Nevada*, 329 F.3d 1069, 1075-76 (9th Cir. 2003).

**AFFIRMED.**

3