NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT MICHAEL HILL,

Petitioner - Appellee,

v.

PATRICK GLEBE,

Respondent - Appellant.

No. 15-35458

D.C. No. 3:14-cv-05330-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted June 7, 2016
Seattle, Washington

Before: PAEZ, BYBEE, and CHRISTEN, Circuit Judges.

Hill was convicted of various crimes in Washington state court. He later

filed a habeas petition in federal court. In it, Hill provided evidence suggesting

that he had a colorable diminished capacity defense to his state convictions. He

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

also provided evidence indicating that his trial counsel may have been ineffective in not discovering and presenting this defense during trial.

Hill's ineffective assistance claim was never considered on the merits by the Washington Supreme Court because Hill's state habeas counsel did not properly raise it. Normally, this would mean Hill is procedurally barred from raising this claim in this federal habeas proceeding. But the federal district court ordered an evidentiary hearing to determine whether Hill falls under the procedural bar exception outlined in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

The government sought this interlocutory appeal on the narrow question of whether Hill is entitled to an evidentiary hearing in these circumstances. We hold he is, and affirm.

1. Hill is entitled to an evidentiary hearing under *Martinez v. Ryan*. Because the Washington Supreme Court dismissed Hill's ineffective assistance claim on procedural grounds, this would normally mean Hill is procedurally barred from raising this claim in these federal habeas proceedings. *Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc). Indeed, the government conceded at oral argument that procedural bar could apply here. But procedural bar is excused if the petitioner can show that his state habeas counsel was ineffective in not raising his trial ineffective assistance claim. *Id.* at 1318; *see also Martinez*, 132 S. Ct. at

2

1315. To prove cause, petitioners must be afforded an evidentiary hearing to develop a proper factual record. *Detrich v. Ryan*, 740 F.3d 1237, 1246–48 (9th Cir. 2013) (en banc). Thus, because Hill claims that his state habeas counsel was ineffective in not properly raising his trial ineffective assistance claim, he should be afforded an evidentiary hearing to establish cause under *Martinez*. *See Dickens*, 740 F.3d at 1321 (holding that the petitioner should be afforded an evidentiary hearing to determine whether a procedural default should be excused and, if so "AEDPA [would] no longer appl[y] and a federal court [could] hear this new claim de novo"); *see also Martinez*, 132 S. Ct. at 1318 ("Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.").

2. We reject the government's contention that 28 U.S.C. § 2254(e) requires Hill's ineffective assistance claims to be determined solely on the record provided to the state courts. Section 2254(e) "does not bar a hearing before the district court to allow a petitioner to show 'cause' under *Martinez*." *Dickens*, 740 F.3d at 1321.

Indeed, the Washington Supreme Court rejected Hill's claim on procedural grounds, so there is not yet a full evidentiary record. *See Detrich*, 740 F.3d at 1247–48 ("[G]iven that the reason for the hearing is the alleged ineffectiveness of both trial and PCR counsel, it makes little sense to apply § 2254(e)(2).").

3. Finally, there is no merit to the government's argument that it can prevent *Martinez* from applying by simply refraining from raising the procedural bar. The federal courts can apply the procedural bar sua sponte. *See Chaker v. Crogan*, 428 F.3d 1215, 1220 (9th Cir. 2005) ("[W]e may sua sponte . . . [find the petitioner] procedurally barred."); *Vang v. Nevada*, 329 F.3d 1069, 1073 (9th Cir. 2003). And the state's position that it must voluntarily raise the procedural bar before a petitioner can have a hearing under *Martinez* would lead to absurd results: The government could opt never to raise the procedural bar, effectively preventing a petitioner from ever developing a factual record to support his ineffective assistance claim.

**AFFIRMED**.